IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
5:13-CV-77-BO

| | |
|---|---|
| SHARRON MARIE GLOVER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | **ORDER and** |
| v. ) | **MEMORANDUM AND** |
| ) | **RECOMMENDATION** |
| BROCK PAYNE & MEECE PA ) | |
| ATTONEYS AT LAW, ) | |
| ) | |
| Defendant. ) | |

This pro se case is before the court on the motion to proceed *in forma pauperis* under 28 U.S.C. § 1915(a)(2) (D.E. 1) by plaintiff Sharron Marie Glover ("plaintiff") and for a frivolity review pursuant to 28 U.S.C. § 1915(e)(2)(B). These matters were referred to the undersigned Magistrate Judge, pursuant to 28 U.S.C. § 636(b)(1)(A) and (B), respectively.

### ORDER ON *IN FORMA PAUPERIS* MOTION

The court finds that plaintiff has adequately demonstrated her inability to prepay the required court costs. Her motion to proceed *in forma pauperis* is therefore GRANTED.

### MEMORANDUM AND RECOMMENDATION ON FRIVOLITY REVIEW

I. **BACKGROUND**

Plaintiff's complaint consists of a 4-page form (D.E. 1-1) completed in handwriting. It asserts allegations against defendant Brock Payne & Meece PA Attorneys at Law[1] apparently

---

[1] The court notes that defendant law firm is located in Durham, North Carolina, where plaintiff also resides. Accordingly, pursuant to 28 U.S.C. § 1391(b), proper venue for this case lies in the Middle District of North Carolina and not in this district. Nevertheless, because the court has concluded that the complaint should be dismissed for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), the issue of improper venue is moot. Further, it is not clear whether it is proper for a court to address, *sua sponte*, the matter of improper venue pursuant to 28 U.S.C. § 1406, especially in conjunction with a frivolity review pursuant to 28 U.S.C. § 1915(e)(2)(B). *See, e.g., Sinwell v. Shapp*, 536 F.2d 15, 19 (3d Cir. 1976) (holding that it is improper to deny *in forma pauperis* status

arising out of its unspecified involvement in foreclosure proceedings against property plaintiff inherited. (Compl. 2-3). While plaintiff's description of the relief she seeks is unclear, she does refer to pain and suffering, inconvenience, compensation, "torts awards," "all relief," and "relief recovery of damages." (*Id*. 4).

## II. DISCUSSION

### A. Applicable Legal Standards

The court must dismiss a case brought *in forma pauperis* if the court determines that the action is frivolous or malicious, or fails to state a claim upon which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(i), (ii); *see Denton v. Hernandez*, 504 U.S. 25, 27 (1992). A complaint is frivolous "where it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The court is not permitted to dismiss a claim as frivolous merely because the supporting allegations seem unlikely to have occurred. *Denton*, 504 U.S. at 33.

Although in evaluating frivolity a pro se plaintiff's pleadings are held to "less stringent standards" than those drafted by attorneys, *White v. White*, 886 F.2d 721, 722-23 (4th Cir. 1989), the court is not required to accept a pro se plaintiff's contentions as true, *Denton*, 504 U.S. at 32. Instead, the court is permitted to "pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." *Neitzke*, 490 U.S. at 327. Such baseless claims include those that describe "fantastic or delusional scenarios." *Id*. at 328. Provided that plaintiff's claims are not clearly baseless, the court must weigh plaintiff's factual allegations in his favor in its frivolity analysis. *Denton*, 504 U.S. at 32. The court must read the complaint carefully to determine if plaintiff has alleged specific facts sufficient to support his claims. *White*, 886 F.2d at 724.

---

under 28 U.S.C. § 1915 on the grounds of a defect in venue because § 1915 does not expressly authorize review of venue and because venue is an affirmative defense that can be waived).

Under Fed. R. Civ. P. 8, a pleading that states a claim for relief must contain "a short and plain statement of the grounds for the court's jurisdiction . . . [and] a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(1), (2). However, a complaint is insufficient if it offers merely "labels and conclusions," "a formulaic recitation of the elements of a cause of action," or "naked assertion[s]" devoid of "further factual enhancement." *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 557 (2007) (internal quotation marks omitted)); *see also Todd v. Geneva Convention*, No. 3:08-660-MBS, 2008 WL 1339835, at *6 (D.S.C. 9 Apr. 2008) (holding in review for frivolousness that plaintiff must offer more detail than simply listing conclusory legal terms in order to support a claim).

B. **Failure of Plaintiff's Complaint to State a Claim**

The court finds that plaintiff's complaint fails to state a claim upon which relief may be granted. It is comprised of a rambling and disjointed collection of alleged transgressions against her without any meaningful explanation of the basis for them. For example, she states:

> The criminal (acts) complained in this suit are extortion embezzlement discrimination prejudice fraud libelism slanderism humiliation defamation of character misinformation identity fraud malpractice negligence of [defendant] via Durham County Tax Office illegal and wrongful foreclosure proceedings on the properties refere[n]ced in said typed written notice on date September 27 2012.

(Compl. 2-3) (spellings and punctuation original). Following what appears to be a description of the property involved, plaintiff continues with another list of complaints:

> Illegal and wrongful procedure name claim jumping unlawful rules regulations revenue on inherited subdivision. Platt. Denial due process of law and proper procedure of law illegal wrongful tax lien 2011est taxation must not violate tax legislature 5th Amendment. Illegal wrongful non chapter institute of legal proceedings against I.

(*Id.* 3) (spellings and punctuation original). As noted earlier, plaintiff does not even allege the manner in which defendant was involved in the foreclosure action that is the apparent source of her grievances.

Because plaintiff's complaint fails to coherently state a claim upon which relief may be granted, this case should be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

## III. CONCLUSION

For the foregoing reasons, it is RECOMMENDED that this action be DISMISSED.

The Clerk shall send copies of this Memorandum and Recommendation to plaintiff, who shall have until 19 March 2013, or such other time as the court directs, to file written objections. Failure to file timely written objections bars an aggrieved party from receiving a de novo review by the District Judge on an issue covered in the Memorandum and Recommendation and, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Judge.

SO ORDERED, this the 5th day of March 2013.

_____
James E. Gates
United States Magistrate Judge